IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAURICE LAMONT DAVIS, §<br>#49303-177, §<br>    Movant, §<br>§<br>v. §<br>§<br>UNITED STATES of AMERICA, §<br>    Respondent. § | No. 3:22-cv-02783-O<br>No. 3:15-cr-00094-O-2 |

**MEMORANDUM OPINION AND ORDER**

On December 13, 2022, Maurice Lamont Davis initiated this habeas action by filing a letter motion seeking additional time within which to file a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (CV Doc. No. 2). Davis also seeks court-appointed counsel to assist him with a § 2255 motion. *Id.* For the following reasons, Davis is not entitled to court-appointed counsel, and this case will be dismissed without prejudice for lack of jurisdiction.

**Background**

Davis had a jury trial in November 2015, and he was found guilty of the following: (1) conspiracy to interfere with commerce by robbery (count one); (2) using, carrying, and brandishing a firearm during and in relation to and possessing and brandishing a firearm in furtherance of a crime of violence (counts two and seven); (3) interference with commerce by robbery and aiding and abetting (counts five and six); and (4) unlawful possession of a firearm by a felon (count eight).

On March 17, 2016, Davis was sentenced, and the Court imposed a total term of 608 months' imprisonment. He received 188 months' imprisonment on counts one, five and six to run concurrently; 120 months' imprisonment on count two to run consecutive to

the sentence imposed on counts one, five and six; 300 months' imprisonment on count seven to run consecutive to counts one, two, five and six; and 180 months' imprisonment on count eight to run concurrent to the sentence imposed in counts one, two, five, six and seven.  J. (CR Doc. 116); Am. J. (CR Doc. 141) (correcting clerical errors).

Davis appealed to the Fifth Circuit Court of Appeals.  On January 31, 2017, the Fifth Circuit affirmed his sentence.  (CR Doc. 143.)   Davis then petitioned the Supreme Court for certiorari.  Following its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court remanded the case to the Fifth Circuit for further consideration following *Dimaya*.  *Davis v. United States*, 138 S. Ct. 1979, 1979-80 (2018) (mem.).  On remand, the Fifth Circuit affirmed this Court except for the conviction and sentence on count two and remanded the case for a revised judgment.  *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018).

On March 2, 2020, the Court resentenced Davis pursuant to the Fifth Circuit's remand for resentencing order.  (CR Doc. 177.)  He received a total term of 300 months' imprisonment.  Davis was sentenced to 180 months' imprisonment on counts one, five, and six, and he received 180 months' imprisonment on count eight, to run concurrently with one another; and he was sentenced to 120 months' imprisonment on count seven, and it was ordered to run consecutive to any other count. Am. J. (CR Doc. 183).  Davis again appealed to the Fifth Circuit Court of Appeals.  On March 26, 2021, the Fifth Circuit affirmed this Court's judgment.  (CR Doc. 197.)

## Discussion

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S.

388, 395 (1980). The exercise of federal jurisdiction under the Constitution therefore "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 446 (1993) (quotation marks and bracket omitted). A federal district court lacks jurisdiction to entertain a motion for extension of time within which to file a § 2255 motion because it presents no case or controversy and would result in the rendering of an advisory opinion.[1] *See United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) ("The district court lacked jurisdiction to entertain [the] motion for extension of time to file a § 2255 motion.") (citing *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000)); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (quoting *Leon*, 203 F.3d at 163); *United States v. Shipman*, 61 F. App'x 919 (5th Cir. 2003) (per curiam) ("Before the petition itself is filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal quotation marks omitted).

Davis has not filed a § 2255 motion. Rather, he moves for an extension of time to file a § 2255 motion. Davis argues that there have been two murders at his prison, and they were on lockdown for seven months. He further argues that he had no access to the law library or a lawyer for months. Davis explains that he was in the "SHU" for two months and three weeks, and he is now about to be transferred. (CV Doc. 2 at 1.) Finally, he contends

---

[1] Section 2255 does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

that he has "good arguments" to present in a § 2255 motion. *Id.* at 2. However, the Court lacks jurisdiction to address Davis' request to extend the time for filing a § 2255 motion because it presents no case or controversy. *See Bautista*, 548 F. App'x at 254; *McFarland*, 125 F. App'x at 573; *Shipman*, 61 F. App'x at 919. Therefore, any decision rendered by the Court would be an advisory opinion, and the extension of time to file a § 2255 motion must be dismissed without prejudice.

Last, Davis seeks the appointment of counsel to assist him with his § 2255 case. A movant has no constitutional right to counsel in a post-conviction proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987). A court may appoint counsel to represent a petitioner when the interests of justice so require, and the petitioner is financially unable to afford representation. *See* 18 U.S.C. § 3006A(a)(2)(B). To determine whether the interests of justice require that counsel be appointed, a court must examine the claims presented and determine "whether those claims are either significant, exceptional, complex, or—at the very least—not frivolous." *United States v. Duc Minh Luu*, 2015 WL 1515187, at *2 (N.D. Tex. Apr. 1, 2015). As discussed, there is no pending § 2255 motion, and the Court lacks jurisdiction to address Davis' motion seeking additional time to file a § 2255 motion. Accordingly, Davis has failed to demonstrate that he is entitled to appointed counsel to assist with filing a § 2255 motion.

## Conclusion

For the foregoing reasons, this case is DISMISSED without prejudice for lack of jurisdiction.

**SIGNED this 20th day of December, 2022**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE